14-1726 Ford Appeals from the CIT's Second Dismissal of Ford's Claims for the Lack of Subject Matter Jurisdiction Four years ago, this case came before this court and the court pressed Customs, what is an importer like Ford to do if Customs refuses to liquidate and render a protestable decision and the importer believes that it's due a refund of its entries? Customs' answer four years ago was, the importer is supposed to wait. It either has to wait for a protestable decision that it can bring jurisdiction under 1581A or it has to wait four full years and then bring jurisdiction under 1581I. This court rejected that argument. Did they actually say you need to wait four years or you're just saying that that's what happened? No, I actually listened to the oral argument from four years ago and that's literally what happened. The court said, what's an importer to do? And Customs said, wait. And they said, how long? The panel said, how long should an importer wait? And Customs says, four years. And that's what this court held in ChemSol 2. After four years, Ford could have brought this claim if Customs still hadn't liquidated. Yeah, but what about the discretionary dismissal, which is not something that we resolved in the first appeal. In fact, we specifically left it open. And under the Supreme Court's decision in Wilton and the earlier cases that Wilton cites, if there is another avenue of relief, another pending proceeding, that's a ground for denying declaratory relief. So why isn't that a proper thing to have done here? The CIT's discretionary dismissal of Ford's claims the first time and then again the second time was based on its decision to dismiss three of Ford's claims for lack of jurisdiction. Based on that decision, the CIT said the only way to resolve them all at the same time. No, but we didn't decide the discretionary dismissal issue. We left it open, right? Right. So now we have a discretionary dismissal. What is wrong with that discretionary dismissal under the Supreme Court's decision in Wilton and the cases that Wilton cites, which suggest that you can deny declaratory relief if there is another proceeding pending, which gives you an avenue of relief? What is wrong with the decision is that at the time Ford brought this suit, there was no other available avenue for jurisdiction. And if customs can divest the court discretionarily of jurisdiction by rendering post-complaint liquidations, then customs can always divest the court of 1581I jurisdiction. What case says you can't take into account things that happened after the filing of the complaint? Correct. But this court said in my context... What case says in exercising the discretion that you can't take into account things that happened after the filing of the complaint? I'm not sure that any case says you can't take in post-complaint actions in refusing to exercise jurisdiction. But this court did say in my context that where exercising jurisdiction would be consistent with the Declaratory Judgment Act, then dismissal is rarely proper. And here, exercising discretion is consistent with the Declaratory Judgment Act, which says that a party can stop waiting for the other side to act and bring its affirmative claim. It's also inconsistent with the residual jurisdiction provision, which allows an importer to challenge administration and enforcement. So basically, Ford is challenging the ongoing administration of Ford's claims at the time it brought its suit. It's inconsistent with the deemed liquidation provision, which says that an importer should only have to wait one year. It has now been more than ten. This case has been pending for six and a half years, and the 1581A claims, only three of them are pending in the CIT. The other six are still in customs. But I'm still having trouble. You're familiar with Supreme Court's decision of Wilton, right? Yes. And the cases that it cites. Yes. So what's wrong with what the CIT did here under Wilton in that line of cases? What's wrong with what the CIT did here is that it's inconsistent with the Declaratory Judgment Act to force an importer who has an affirmative right now to refund, to not be allowed to have that right heard, and instead force the importer back into a later administrative process. This court said last time that what customs was really doing was saying that Ford should have exhausted, that an importer should always have to exhaust and go under 1581A. And that's what the CIT held again in refusing to exercise its discretionary jurisdiction. But it didn't. That's the problem. It didn't say that you always should have to. It said in this particular case that the A jurisdiction would allow all of the claims to be considered together, and it's the most fulsome opportunity for the court to receive the best amount of information. And that decision, Your Honor, was based on two assumptions. First, that the first three claims couldn't be heard under 1581I because the court held them untimely. And second, that Ford was going to lose all of its claims in this action, and thus that the CIT in an A action would need to reach the merits of the actual liquidation decision. That's construing the facts against Ford. But it is correct, is it not, that if you lose on the timing issue, that you are still going to claim that the liquidation was at the wrong rate, correct? Correct. So that issue can't be resolved in an I action. It has to be resolved in an A action. Correct. But Ford believes, and I think there's only one fact this court needs to know, to know that Ford wins on its I action, and there is no need to reach the merits in an A action. And that is that the record shows that between 2006, February, when customs requested internal advice, we say improperly, two specialists at customs had already ruled that Ford's valuation were proper, or already stated that Ford's valuations were proper. From that decision in 2006 until after Ford brought suit in 2009, over three years, there was no action. And under this court's decision, in the Ford trade zone case cited in the brief, that extended period of inaction is unreasonable as a matter of law. You don't need to get into all the detailed nuances about how the entries were actually valued. What this court said in Ford 2 was that Ford's challenging customs' right to dispute Ford's valuation. Ford is saying customs waived its right to dispute Ford's valuation. There's no reason to send this case back for discovery and a bench trial and a determination of how customs valued Ford's claims, when the only thing you need to know is that a three-year period of delay for no basis, there is no reason in the record. What you're doing is you're asking us to decide the merits when we're addressing the jurisdictional question as to whether the curve of the national trade was correct, that it was more efficient to have all these issues resolved in an A action. And you're saying, oh, well, we don't have to worry about that because we get to the merits and there isn't anything left for an A action. But wouldn't that always be true? If an importer could bring an I action and then customs could render a protestable decision post-complaint and then say, now you have an action. You can exhaust. You can bring an A action. We'll talk about all the issues you have in the I action, plus all the issues that you say you never need to reach in an A action. There would be no jurisdiction under I ever, because customs could always defeat jurisdiction with a post-complaint action. I don't think the government is arguing that the curve of the national trade here was required to dismiss the declaratory judgment action, just that the CIT had the discretion to do it. But the CIT's discretion, Your Honor, was not based on a determination that if it had all the claims in front of it, that it couldn't efficiently decide the case. It was based on a determination that the case had to go in two different jurisdictional avenues, 1581A for the 2005 entries and 1581I for the 2006 entries, and that decision is incorrect. If all nine of them are before the court and the record is before the court and both parties have briefed judgment on the administrative record and both parties believe they're entitled to win, it's not more efficient to say we're not going to decide and we're going to send you back five years in the process. At the time the CIT dismissed Ford's claims on a discretionary refusal to exercise its jurisdiction, the case had already been pending for five years and Ford's case is about inaction. It's about that these refunds were due ten years ago and customs shouldn't be allowed to basically manipulate the court's jurisdiction by sending it back to the start again and forcing exhaustion of remedies that weren't available when Ford brought suit. Let me ask you about – I'm sorry. Go ahead. I was going to go on to another subject if you have a question about that. It somewhat relates to this, but if we were to agree with you that this discretionary determination is flawed because it had an underlying improper basis, which is that three of the claims had to be dismissed because they were time barred, if we were to agree with you on that, wouldn't it simply result in a remand for the court to exercise its discretion based on a proper assessment of the facts? Respectfully, we ask that this court just decide the issue because there is such an easy answer to resolving the case. I think the question Judge O'Malley was asking is, is it not fair to assume that if the Court of International Trade had addressed all the claims on the discretionary issue, that it would have reached the same result with respect to all of the claims, that is, it would have dismissed as a discretionary matter? I don't know that that's a fair assumption. Why is it not a fair assumption? Because both times the CIT dismissed discretionarily, it did so after having dismissed three of Ford's claims for lack of subject matter jurisdiction. So both times it refused to exercise jurisdiction. It was based on the fact that it felt it wouldn't resolve. Well, not with respect to the claims that it ordered dismissed on the discretionary basis. There was no statute of limitations issue with respect to those. No, but the court did say it was concerned about conflicting results, and I think that the conflicting results statement was because those three entries would be stuck back in the administrative process, and it couldn't resolve all nine of them at one time. So I don't believe that there's evidence that it would have refused to exercise its jurisdiction, and had it done so, I think under Micron Tech, that would have been an abusive discretion. Why in heaven's name wouldn't it have done the same thing with respect to all the claims? Because it could have resolved it, because both parties had briefed the merits, because this court said if you want to challenge whether Ford's entitled to deemed liquidation, do so on a motion for failure to state a claim or lack of summary judgment. It said, you know, the CIT could decide whether to dismiss for discretionary reasons, but need not. And so I think that under the fact of this case, with both parties having briefed the merits, it is a waste of judicial resources, and it is inconsistent with the deemed liquidation statute. The administrative procedure statute, Your Honor, says that this court, any court, can compel agency action unreasonably delayed or withheld. Before we run out of time, I want to ask this other question. There's something that you and the government agree on that I think is wrong, and that is that the two-year limitations period is jurisdictional. And under our decision in Sikorsky and a number of recent Supreme Court decisions, it would seem as though the two-year period was not jurisdictional. Are you familiar with those cases? I am not. I do understand that the court had always previously just assumed but not decided that it was jurisdictional, and I think if this court decides that it's not jurisdictional, it has to assume that the last panel decided it was not jurisdictional because the last panel was expressly called upon to decide the jurisdiction of the lower court and was presented with an argument that the time limit was jurisdictional and the court didn't rule otherwise. If we assume that it's not jurisdictional, that doesn't adversely affect your position. Correct. It does not. Okay. Ford still believes that the— It does adversely affect your position that the last panel necessarily decided, as a predicate to its conclusion that there was subject matter jurisdiction, that the last panel had to have decided. Only if this panel believes the last panel decided it was not jurisdictional, and there's no evidence in the case that it found it was not jurisdictional. There's no evidence one way or the other. There is no evidence, but Customs did try to raise the argument of timeliness twice in front of this court, and this court wasn't interested in the argument, probably because it's illogical to say Ford didn't wait long enough and yet waited too long. So I say that I'm—am I into my rebuttal time? You are, but we'll save your rebuttal time. You can finish the thought. Thank you. So I think it is inconsistent to say that an importer must wait at least four years, and yet if this court rules otherwise to say, well, the importer had to act within three, or two, I guess is the case maybe. I think that the panel didn't address it because it wasn't a compelling argument, and this panel should hold the same and say Ford properly invoked jurisdiction and that three years is too long. Thank you. Let's hear from the government. Mr. Miller. Thank you. May it please the Court. The trial court's decision— So the two-year period is not jurisdictional, right? Under the Supreme Court's recent cases about jurisdiction under our decision in Sikorsky? I don't believe that matter has been decided by this Court. No, it hasn't been, but what I'm saying is it strikes me that under the Supreme Court precedent and our cases that since this is not—the two-year thing is not identified in statute as being jurisdictional, it is not jurisdictional. You're correct, Your Honor, that recent Supreme Court decisions have focused on whether statute limitations are a jurisdictional bar. The trial court, with respect to this exact issue in the SKF matter, has decided this issue— I'm sorry, in the NSK matter, it has decided that it is jurisdictional. Well, that doesn't bind us. No, Your Honor, it does not bind you. However, the issue of whether— But you have always argued that it's jurisdictional, right? The last time you were here, before the last panel, you argued that it's jurisdictional. You argued that it's a question of subject matter jurisdiction before the CIT in the Remand Act, correct? Yes, Your Honor. And is it the government's position that the statute of limitations is jurisdictional? Yes, Your Honor, it is the government's position that the two-year statute of limitations is jurisdictional. So what about the language of that statute that differentiates it from the things that the Supreme Court considered in Henderson and Esprogin? I would just note that this is the initial threshold determination that would allow a claim to proceed within the Court of International Trade under its residual jurisdiction provision. And in that respect, it's the fundamental gatekeeping capacity for i-jurisdiction. But I don't believe this panel has to reach the question as to whether the two-year statute of limitations is jurisdictional or not. Well, if it is jurisdictional, then by definition, the prior panel had to have at least implicitly resolved the question. Otherwise, it could not have reversed the finding that there was a lack of subject matter jurisdiction, correct? Well, I would respectfully disagree, Your Honor, for two basic reasons. One, the facts upon which the date of accrual issue needs to be reviewed in order to be decided was not before the trial court or the appellate court at the time of the 2011 appeal. Well, you argued before the appellate court that it was. From the government's perspective, we measured the date of accrual from the date of demolition. We advanced a legal argument. However, from the court's perspective, they measured the date of accrual from February 2009 when customs did not respond to certain correspondence that it had submitted. It did not advance that argument. The underlying document supporting that argument, the administrative letters as well as a declaration from Ford's counsel, was not before the appellate court or the trial court at that time because the administrative record was not filed in this matter until January 25th of 2013. But you argued in the prior case, both below and here, that in fact you would assume that the facts were favorable to Ford and you would therefore argue that even under those facts, they were time barred. And then you asked the lower court to conclude that there was lack of subject matter jurisdiction and the court did, partially on the basis of the time bar. And when you came up here, you asked that this court affirm the absence of subject matter jurisdiction. And rather than do that, we reversed. Yes, Your Honor. We certainly, the government advanced a legal argument with respect to the date of accrual as an alternative to our primary arguments with respect to jurisdiction. But in order for the trial court or this panel to fully consider the issue of the statute of limitations which requires the court to ascertain the date of accrual, one would assume you would have to look at both parties' arguments. And Ford's arguments have an issue of fact related to them, an issue of fact that has underlying documents and declarations that weren't before this court during the first appeal. But there's no dispute, I gather, particularly after discovery and the administrative record was filed, I gather there's no dispute that the government agreed that these refunds were owed to Ford and that they hadn't been paid for four years. I mean, this is what is really troubling about this case. We keep arguing and arguing about this and that. We resolved the technical objections last time the case was up here. The Court of International Trade did not follow our instruction, apparently with the prodding of the government. We'll have to get to that. But on the merits, on the substance, assuming that we reach it because the merits must be reached by somebody, you can't just refuse to respond and say, never mind, we're not going to give you your money back. How does the government justify its action when Ford filed that they had underpaid, the government agreed and accepted their additional payment? When Ford filed that they had overpaid, the government agreed and refused to make a refund. What is the justification for our great government treating citizens in this manner? Well, Your Honor, the government disagrees with Ford on the merits with respect to their seven claims of the Second Amendment complaint. There's no argument of entitlement, I gather. Pardon, Your Honor? There is no argument of entitlement to the refund. Entitlement. Oh, no, the government would disagree that Ford is entitled to a refund. That is a matter of quantum. You're arguing about timeliness and filing and what seems liquidated and what isn't, not as I understand the record as to the amount of the overpayment. Before the trial court, we disputed the merits of Ford's claim. We moved to dismiss, and then the alternative, we moved for judgment on the agency of record. We disputed the merits, but not as a matter of quantum as I understand it. You mean the exact amount of the refund that is due to Ford? They have the overpaid. The record is full of one customs inspector after another agreeing with Ford's valuation. We've never reached that question yet, Your Honor, in terms of, with respect to each of Ford's seven substantive claims. We've never reached the question. And how many years have transpired? Your Honor, this case was filed in 2009, yes. Okay. The government does dispute each of the merits of Ford's claim. And before the trial court, each of those claims were briefed. The trial court did not reach the merits, though, however, when it decided the case and dismissed it both for discretionary reasons and then with a limited number of claims. With respect to five claims for only three entries, it dismissed on this timeliness issue. With the remainder of the claims… You would agree, though, that the trial court's discretionary decision, in large measure, was predicated upon its conclusion that it couldn't reach those three claims that it found to be untimely under I. Isn't that correct? No, Your Honor. What the trial court was saying when it was saying, for purposes of judicial economy, why it would prefer to leave the entire case for the A action, goes to Judge Newman's point, is that there's two different elements to this case. There's the actual liquidation, where once the actual accounting is done, Ford would be able to challenge those actual liquidations, which would arise in the A case. But that's not the merits of Ford's case with respect to this case. This case, the merits, Ford argues that its entries deem liquidated because customs purportedly did not take some action. But the lower court's opinion is not very long. And it said, I begin with the proposition that three of these claims can't be considered in the context of I. And so the only way we can consider them all together is if we put them under A. Isn't that, in fact, one of the basic predicates for the court's exercise of its discretion? And if that first predicate was wrong, say we disagree with you on the statute of limitations issue, if that first predicate was wrong, what do we do? Do we remand for it to reconsider its discretionary determination? Or can we do as Ford says and say, even if that discretionary determination was based on improper facts, we can decide the questions right now? With respect to each of those questions, first, the appellate court could not reach the merits in this case because the trial court has not reached the merits in the first instance. If the trial court decides that the underlying foundation of those three claims, as you've just identified, was an improper determination, there's nothing in the record, if it were remanded, to show that. No, I think the question is this. I think the question is whether the discretionary dismissal that was made by the Court of International Trade on the remand was affected by its view that some of the claims were untimely. I don't believe it was affected by its view, Your Honor, because the three bases for its discretionary dismissals are unrelated to this timelyness issue. The three bases by which the trial court dismissed the lion's share of the claims of this action are, one, that 1581A is a perfectly suitable forum to resolve both the deem liquidation issue and the issue of whether notices were actually sent. Two, because of the fact-intensive nature of Ford's claims, the trial court would benefit from the development of a judicial record as opposed to an administrative record because under an A case, the parties would be able to engage in discovery, depositions would be taken, documents would be exchanged. My client sent it back. We ordered them to decide the merits. They announced that they were not going to follow our order. It seems to me that courts have not only the authority but perhaps also the obligation to see that untimely litigation, punitive interactions are brought to an end by resolving the issues, and we have been asked to do so. Then what, in your view, prevents a court from resolving issues? If there are factual disputes as to quantum, I don't believe there are. You say there are. That might raise another question. However, we ordered the Court of International Trade to resolve those disputes. Yes, Your Honor. I believe the Court of International Trade was following the court's instruction on page 19 of its 2011 appeal that it invited it to review this discretionary issue and determine whether, based upon- They didn't review it. They followed the government's view that they had no authority to do so. With respect to only those four claims of three entries, with the lion's share of the case, the trial court took the invitation of the appellate court and reviewed the discretionary factors that allow it not to exercise jurisdiction under the Declaratory Judgment Act, notwithstanding the fact that jurisdiction may be available. Under the Wilton case, as the court has previously identified, the trial court has unique and substantial discretion in deciding whether to declare the rights of litigants, and the trial court in this instance considered three factors, that the 1581A is an appropriate forum to resolve the full scope of Ford's challenges, that the trial court would benefit from discovery in this case as opposed to reviewing an administrative record, and then finally, in the interest of judicial economy and efficiency, by allowing all of the issues to be raised in these A cases, it would foreclose the possibility of piecemeal litigation, because if in fact the appellate court would reverse the trial court's dismissal and send it back, and the government were to prevail on the merit for deemed liquidation claims, and that's the crux or essence of the second amended complaint in this matter, then Ford would be permitted, once customs affirmatively liquidated the entries, which it has, to challenge the actual calculations of those entries in a later A case. So even, we have this circumstance where there could be two litigations that result from the processing of these entries, and the trial court was trying to forego that possibility by allowing all issues to be raised in one action, the 1581A action, which is consistent with the congressional intent of the 1581 statute for the trial court. In essence, Ford's challenge here is to the extension of liquidation, but presumably, if in fact that is resolved in the government's favor, and that the government did properly extend liquidation, Ford will likely challenge the eventual liquidation, and that would be the subsequent A case that the trial court was referring to, and is trying to prevent the piecemeal litigation aspect of it. First, deciding this issue of deemed liquidation in the context of 1581I, and then second, deciding the actual calculations with respect to liquidation in the 1581A case. I know that you argue that statute of limitations is jurisdictional, and you have strong basis for doing that, but it's also somewhat inconsistent with your argument that it wasn't necessarily decided by the prior panel. If, in fact, it's not jurisdictional, which would allow it to be reconsidered below, then there would have had to have been an analysis of equitable tolling, which didn't occur in this case. Isn't that right? No, Your Honor, and I would point the court to page 6 and page 15 to 16 of this court's prior decision. On those two pages, it framed the jurisdictional question, and on page 6 of the court's decision, it said, The first question presented by this appeal is whether the trial court correctly applied its own jurisdictional statute, 1581. We are specifically concerned with the interactions between the enumerated grants of jurisdiction set forth in subsections A through H of the statute and the grant of residual jurisdiction in subsection I. But our job as a court of appeals is to assess the scope of our own jurisdiction and to assess the scope of the lower court's jurisdiction. If there was no subject matter jurisdiction over those claims because they were time-barred, then we couldn't have even assessed this 1581I question, could we? No, Your Honor, I believe that's exactly what occurred. I believe that the appellate court's analysis was focused on this threshold determination of whether it's A jurisdiction or I jurisdiction, what is the nature of this claim. And in this court's decision, the Kempswild engaged in that exact same analysis. It looked at the nature of the importer's claim and determined which of the subparagraphs of 1581 is the appropriate subparagraph to resolve those claims. And in this decision, this court's prior 2011 decision, it determined that 1581I is available to forward to resolve this deem liquidation issue. But how do we get there if we don't have jurisdiction over the case? I believe, Your Honor, my time is running short. May I answer your question? I believe the court never just reached that secondary issue. Once we have decided the jurisdictional question under 1581, turning to the next jurisdictional statute, 2636, of whether then are those claims timely under 2636. There's two different jurisdictional statutes at play. How can we ignore that? How could we, as a court of appeals, ignore either our jurisdiction or the lower court's jurisdiction over the very case before us? Well, I believe this court was solely focused on that initial threshold determination based upon the language of the previous court. Do you think the court just made a mistake? In the initial determination? In the prior appeal. Well, clearly the government had a different position than the outcome of the court, but the government's not here to relitigate what has been previously decided by this panel. Thank you. Anything else for Mr. Miller? Thank you, Mr. Miller. Ms. Douglas? On why this court should reach the determination now and not remand again, the case has been pending for six and a half years. Ford's request for a refund was filed more than ten years ago. Under 28 U.S.C. 2106, the appellate court may direct the entry of an appropriate judgment, and this court in Oswalt said that there is no purpose served on remand where the record was fully developed. Under 5 U.S.C. 706, the scope of review for an agency action under 1581I, that statute says, to the extent necessary to a decision and when presented, the court shall decide on a review of the whole record, and the court shall compel agency unlawfully, withheld or unreasonably delayed, and shall hold unlawful and set aside agency action and conclusions that are arbitrary, capricious, and abusive discretion. And as Judge Newman noted, when Ford filed entries for its Volvo subsidiary and Ford owed more money, customs accepted those liquidations and took the more money. But when Ford filed entries for its Jaguar subsidiary and said, we paid too much at entry and we're entitled to the refund, customs sat on that for four years. And in fact, for the 2006 entries that the court acknowledged jurisdiction over, customs delayed liquidations of those for a full year after Ford filed suit, based on no explanation. It had already, according to customs, decided that Ford wasn't entitled to refunds, and still didn't liquidate, and still delayed Ford's ability to bring a protestable action. So under this court's precedent, under the policies, ruling in Ford's favor is consistent with the Declaratory Judgment Act, and refusing to rule is improper. That's what Ford is saying, and that's why this court should decide and not remand for another four years of litigation of whether Ford's entitled to its refunds. If this court has no further questions. Okay. Thank you, Ms. Douglas. Thank you both. The case is taken under submission.